In The United States District Court,

Eastern District of Virginia

Richmond Division



George O. Harrison, Jr.,

Plaintiff,

v.                        Civil Action No.: 3:20cv454

Equal Employment Opportunity Commission,

An agency of the United States government,

Darrin Calhoun,

Individually and as EEOC Director, Richmond Office,

Gabriel Corbett,

Individually and as EEOC Investigator, Richmond Office,

Defendants.

## Complaint

Pursuant to the provisions of 28 U.S. C. § 1361 George O. Harrison, Jr. ("Harrison") requests that this Court enter an order Compelling the Equal employment Opportunity Commission ("EEOC"), an agency of Health and Human Services ("HHS"), a department of the government of the united States, Darrin Calhoun and Gabrielle Corbett to perform each of their respective duties; or, in the alternative, for judgment in his favor *for violations of* 42 U.S. C.

§ 1983 and for violations of the rights of Harrison, under the provisions of the Constitution of the United States, Amendment XIV, section 1, against EEOC, Darrin Calhoun, individually and in his official capacity, and Gabrielle Corbett, individually and in her official capacity, individually and collectively.

1. Harrison was and at all times pertinent to this action a citizen of the United States and resident of the Commonwealth of Virginia residing in the city of Richmond; and is an African American male over the age of 40 years who is affected by a visual impairment commonly referred to as legal blindness.

2. Defendant, EEOC is an agency of HHS a department of the government of the United States.

3. **Darrin Calhoun ("Calhoun"), at all times pertinent to this action, was an employee of EEOC at its Richmond, Virginia office in the capacity of Director.**

4. **Gabriel Corbett ("Corbett"), at all times pertinent to this action, was employed by EEOC in its Richmond, Virginia office as an investigator.**

5. This court has jurisdiction pursuant to the provisions of 28 U.S. Code §§ 1331, 1346 and 1361.

6. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391.

7. April 2017 Harrison visited the Richmond, Virginia office of EEOC for the purpose of filing a discrimination complaint against Greater Richmond Transit Company (GRTC). The person working the reception desk of same office was informed that though Harrison was capable of using computers, Harrison could only use computers equipped with the screen reading program JAWS because

he (Harrison) is affected by the visual impairment commonly referred to as legally blind.

8. An employee of EEOC and Harrison went into an office where the EEOC employee read the complaint questions to Harrison and used the answers given by Harrison to complete the complaint form.

9. Pertinent to this action, the charge the EEOC employee prepared on behalf of Harrison recited the following:

10. On or about March and April 2017, I applied for the positions of part-time Customer Service Representative and full-time Claims Consultant with the above named employer. When) interviewed for the Customer Service position, I notified the employer of my disability and that I would need a reasonable accommodation. After I interviewed for the Customer Service Representative position, I was called by the human resources representative and asked what software was needed in order to accommodate me with my disability. I have not heard from this employer on the status of my applications since the phone call from human resources and my emails to the employer go unanswered.

No reason was given to me for the discrimination. However, I believe I can perform the essential functions of the positions I applied for with a reasonable accommodation.

11. On July 10, 2017, Harrison submitted an application for employment as a Claims Consultant to GRTC and received an automated email response acknowledging receipt.

12. **On July 11, 2017, Harrison received an email response from GRTC refusing to consider Harrison for employment as a claims consultant.**

13. **On or about October 15, 2017, EEOC assigned Gabrielle Corbett, Investigator to the complaint filed by Harrison.**

14. On various dates between **October 15, 2017 and November 22, 2018 Gabriel Corbett telephoned Harrison and conversations took place wherein Harrison expressed willingness to resolve his two count mplaint against GRTC through conciliation. One of said telephone conversations took place on or before November 22, 2018. In this telephone conversation Gabrielle Corbett requested permission to negotiate conciliation of the claim of Harrison against GRTC. Harrison asked Gabrielle Corbett whether the amount to be discussed with GRTC would be based on what Harrison could have earned as a claims consultant. Gabrielle Corbett responded that her investigation had not concerned anything about the claims consultant position.**

15. The afternoon of October 26, 2018, Gabrielle Corbett emailed to Harrison the final version of the conciliation agreement. Harrison reviewed the conciliation agreement and observed that the conciliation agreement made no reference to the claims consultant position for which Harrison had applied and which was the second claim mentioned in the complaint prepared by the EEOC employee on behalf of Harrison.

Harrison signed the conciliation agreement, W4 form, VA4 form and returned these documents to Gabrielle Corbett on November 5, 2018.

16. November 23, 2018, Harrison emailed to Gabrielle Corbett information, including citations to federal court decisions, supporting his (Harrison's) request for Gabrielle Corbett to investigate part two of his complaint against GRTC concerning the claims consultant position.

17. November 26, 2018 Gabrielle Corbett responded to Harrison by email refusing to honor Harrison's request for an investigation to be commenced concerning the second claim of the complaint of Harrison against GRTC concerning the claims consultant position. Gabrielle Corbett alleged that the conciliation agreement concluded all claims against GRTC.

18. Harrison responded to Gabrielle Corbett acknowledging that he understood that Gabrielle Corbett would not conduct an investigation concerning part two of the complaint of Harrison against GRTC concerning the claims consultant position and requested that a right to sue letter be issued concerning art two of the complaint of Harrison against GRTC with reference to the claims consultant position. The request of Harrison was denied by Gabrielle Corbett on November 27, 2018.

19. Subsequently, Harrison visited the Richmond, Virginia office of EEOC and spoke with Darrin Calhoun, who identified himself as the Director. Darrin Calhoun refused to take any action to correct what had been done by Gabrielle Corbett.

20. December 4, 2018, via certified mail, Harrison submitted to Darrin Calhoun a grievance concerning the refusal of Gabrielle Corbett to investigate part two of the charge of discrimination

against GRTC and, alternatively, refusal to issue a right to sue letter concerning the claims consultant charge of discrimination against GRTC.

21. Harrison submitted his grievance to EEOC through the online contact for email communication. Via email response dated October 8, 2019, EEOC referred the grievance of Harrison back to the local Richmond, Virginia office.

22. To date, The EEOC nor its Richmond, Virginia local office has taken no action to effectuate the policy of the EEOC.

It is the stated policy of the EEOC to seek full and effective relief for every victim of iscrimination. https://www.eeoc.gov/eeoc/internal/eeo_policy_statement.cfm#centercol

23. Gabrielle Corbett made the following findings: (1) The evidence, however, supports [Harrison's] claim and does not support [GRTC's] defense; and (2) the explanation [of GRTC] was determined to be pretextual.

24. The charge that Gabrielle Corbett was assigned to investigate specifically stated that Harrison made application to GRTC for the positions of "(1) part time customer service representative and (2) [full time] claims consultant"; and averred that Harrison was unlawfully denied employment as concerns each of the employment positions for reasons within the jurisdiction of the EEOC.

25. The policy, previously mentioned herein with citation to website of EEOC resource provided,of the EEOC required Gabrielle Corbett to seek full and complete relief for Harrison by investigating the charge of discrimination concerning the denial of employment by GRTC for the position of partime customer service representative and for the position of claims consultant.

26. Had Gabrielle Corbett performed her duties as an EEOC investigator as required by the policy (previously mentioned herein) of the EEOC commanded, Gabrielle Corbett would also have found that GRTC's refusal to consider the application of Harrison for the claims consultant position was subject to the futile gesture doctrine and was also pretextural.

27. In his position as Director of the Richmond, Virginia local office, Darrin Calhoun ("Calhoun ") was charged with the duty to effectuate the policy (previously mentioned and cited herein) of the EEOC to seek full and effective relief for every victim, including Harrison, of discrimination by reviewing the actions and inactions of Gabrielle Corbett and realizing that the actions and inactions of Gabrielle Corbett were not in accord with the policy (previously mentioned herein) of the EEOC.

28. The realization identified in the preceding paragraph should have move Calhoun to effectuate the policy (previously mentioned and cited herein) of the EEOC by directing Gabrielle Corbett to investigate the charge of Harrison against GRTC concerning the claims consultant position or to issue a right to sue letter concerning the claims consultant position.

29. Instead, Calhoun, acting under color of law and/or authority and with total disregard for the rights of Harrison, specifically focusing upon the claims consultant position, elected to justify the violating of the policy (previously mentioned and cited herein) of EEOC by making the meritless conclusion: despite the fact and because you were neither interviewed nor denied that position the signature of Harrison on the conciliation agreement concluded all claims against GRTC.

30. In addition to disregarding the stated policy (previously mentioned and cited herein) of the EEOC, Calhoun knew or should have known that he was ignoring, e.g., the futile gesture doctrine.

31. As stated, the EEOC has taken no action to effectuate its own policy (previously mentioned and cited herein). Upon information and belief, the EEOC has done nothing to make clear to Gabrielle Corbett, Calhoun or any other EEOC employee or agent the need to comply with the requirements of its policy (previously mentioned and cited herein). Instead, the EEOC has referred the grievance and reminder grievance of Harrison to the Richmond, Virginia local office without issuing any directive directing compliance has caused Harrison to be denied the full and complete relief available under the applicable laws and as made clear by the precedents.

32. The failure and refusal of Gabrielle Corbett, Calhoun and the EEOC to seek full and effective relief for Harrison, a victim of discrimination, has effectively violated the rights of Harrison under the provisions of the applicable federal statutes and regulations and the provisions of the Constitution of the United States, Amendment XIV, Section1 and the precedents applying and interpreting said authorities.

33. On or about December 11, 2018, Harrison submitted a charge of discrimination to the Richmond, Virginia local office of EEOC against Capital One asserting that the decision of Capital One to withdraw its offer of employment upon its allegation that federal statutes prohibited Capital One from employing Harrison because Harrison has a criminal record involving convictions for offenses that render Harrison unemployable by Capital One was pretextural and meritless.

34. EEOC and Gabrielle Corbett (investigator assigned to the subject charge), its employees and agents knew or should have known that the allegations of Capital One lacked merit. Nevertheless EEOC acting by and through Gabriel Corbett, under color of law and/or authority, accepted the allegations of Capital One as true, did not make any effort to conduct meaningful investigation, dismissed the charge of Harrison and issued a right to sue letter to Harrison.

35. May 29, 2019, Harrison filed a charge of discrimination against Wells Fargo Bank asserting that the offer of Wells Fargo Bank was unlawfully withdrawn in violation of the rights of Harrison being a member of one or more protected classes and that the claim of Wells Fargo Bank that its decision was required by federal statute prohibiting Wells Fargo Bank from employing Harrison because Harrison has a criminal record that reveals convictions for offenses involving offenses covered by said federal statute is pretextural.

36. Gabrielle Corbett was assigned as the investigator to the claim of Harrison against Wells Fargo Bank.

37. EEOC, acting by and through Gabrielle Corbett, acting under color of law and/or authority, made no effort to determine whether Wells Fargo Bank's alleged neutral policy (e.g., excluding applicants from employment based on certain criminal conduct) may disproportionately impact some individuals protected under Title VII, and may violate the law if not job related and consistent with business necessity (disparate impact liability) Specifically, Gabrielle Corbett knew or should have known that the federal statute or regulation relied upon by Wells Fargo Bank, at all

times applicable to the claim of Harrison, did not provide the strict prohibition alleged by Wells Fargo Bank.

38. Nevertheless, on August 5, 2019, Gabrielle Corbett, acting under color of law and/or authority, issued to Harrison Notice of Intent to Discontinue Investigation. In this document Gabrielle Corbett, attempted to justify her decision to disregard the policy (previously mentioned and cited herein) of the EEOC to seek full and effective relief for every victim, including Harrison, of discrimination and desire not to recognize the allegations of Wells Fargo Bank as pretextural.

39. On or about December 11, 2018, Harrison filed a charge of discrimination with the EEOC Richmond, Virginia local office against Capital One.

40. On August 21, 2019, Gabrielle Corbett, acting under color of law and/or authority, issued a notice of dismissal and issued to Harrison a right to sue letter without making any effort to determine whether Capital One policy and practice of excluding applicants from employment based on certain criminal conduct might disproportionately impact some individuals protected under Title VII, and whether such violated the law if not job related and consistent with business necessity Specifically, Gabrielle Corbett knew or should have known that the federal statute or regulation, relied upon by Capital One, at all times applicable to the claim of Harrison, did not provide the strict prohibition alleged by Capital One.

41. Additionally, as concerns the handling by Gabriel Corbett of the claims of Harrison against Capitol One and Wells Fargo Bank, as the available evidence will establish, Gabriel Corbett, acting under color of law and/or authority, retaliatorily ignored that it

is the policy (previously mentioned and cited herein) of the EEOC to seek full and effective relief for every victim, including Harrison, of discrimination.

42. As concerns the handling of the claims of Harrison against Wells Fargo Bank and Capital One which were acted upon and decided by Gabriel Corbett, it is submitted that Gabriel Corbett acted with a retaliatory spirit with the acquiescence of Calhoun and the EEOC or with Calhoun and the EEOC presenting no opposition to the unlawful actions of Gabrielle Corbett with total disregard for the rights of Harrison.

43. Harrison has no plain, speedy, and adequate remedy in the ordinary course of the law other than the issuance by this court of a writ of mandamus pursuant to the provisions of 28 U.S. C. § 1361.

44. *As a direct and proximate result of the defendants, EEOC, Gabrielle Corbett and Calhoun, individually and collectively, acting under color of law and/or authority, failure and refusal to perform each of their respective duties and responsibilities and abuse of each of said individuals respective decision making authority in performing the above-described duties and responsibilities, Harrison has been damaged in the approximate sum of One Hundred Thousand Dollars ($100,000.00).*

45. At all times pertinent to this action, Gabrielle Corbett, Calhoun and EEOC acted in their official capacities, under color of law and authority, in violation of Title VII and the statutes, regulations and precedents of the United States.

46. In violation of the constitutionally guaranteed and protected rights of Harrison to equal protection under the laws, EEOC, Darrin Calhoun and Gabrielle Corbett, jointly and severally, have failed and refused to honor and abide by the stated policy(previously mentioned and cited) of the EEOC, acting under color of law

and/or authority, to seek full and effective relief for Harrison, a victim of discrimination.

47. The file of the EEOC evinces that Gabrielle Corbett rendered the finding that the reason proffered by GRTC for not hiring Harrison for the part time customer service position (part one of the charge of discrimination) was pretextural (discriminatory).

Wherefore, it is requested that this Court enter an Order, pursuant to the provisions of 28 U.S. C. § 1361, compelling Gabrielle Corbett, Calhoun and EEOC to investigate part two of the charge of discrimination concerning the claims consultant position for which Harrison submitted an application for employment and determine that the futile gesture doctrine is applicable; that the decision of GRTC not to consider the application of Harrison was pretextural; and to make meaningful efforts to initiate conciliation of part two of the charge of discrimination of Harrison against GRTC;or, in the alternative, that this Court find it would be ineffectual to compel EEOC, Darrin Calhoun and Gabrielle Corbett to perform the duties that each should have performed and award judgment in favor of Harrison and against Gabrielle Corbett, Calhoun and the EEOC, jointly and severally, in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00) as compensatory damages; and punitive or exemplary damages against Gabrielle Corbett and Calhoun in the amount of One Hundred Fifty Thousand Dollars ($150,000.00); and for injunctive relief and such other and further relief as deemed just and appropriate by this Court.

**George O. Harrison, Jr.**

_____
George O. Harrison, Jr.

Post Office Box 61024

Richmond, Virginia 23261

804-852-9120

g.oliver.harrison52@gmail.com